# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES MGBEMGASA,<br>Petitioner,<br>v.<br>TONYA ANDREWS, et al.,<br>Respondents. | Case No. 1:26-cv-07985-SAB-HC<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR REVIEW AS MOOT, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(ECF Nos. 1, 3, 14) |

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States magistrate judge. (ECF Nos. 8, 10, 11.)

## I.

## BACKGROUND

Petitioner is a citizen of Nigeria who was admitted to the United States on December 17, 2023, on a nonimmigrant F1 (student) visa. (ECF No. 9 at 6, 7–8.[1]) The visa required Petitioner to leave the United States once his student program completed. Petitioner did not leave as required. (ECF No. 9 at 8, 10.)

On August 24, 2026, Petitioner was detained pursuant to an administrative warrant. (ECF No. 9 at 7, 14.) Petitioner was placed in removal proceedings and charged as removable pursuant to section 237(a)(1)(B) of the Immigration and Nationality Act for remaining in the United States for a time longer than permitted. (ECF No. 9 at 10.)

[1] Page numbers refer to ECF page numbers stamped at the top of the page.

On September 28, 2026, Petitioner filed a petition for writ of habeas corpus challenging his detention without a bond hearing and a motion for temporary restraining order. (ECF Nos. 1, 3.) On October 6, 2026, Respondents filed a response. (ECF No. 9.) On October 16, 2026, Respondents filed a supplement. (ECF No. 13.)

Meanwhile, on October 1, 2026, Petitioner requested a custody redetermination hearing. (ECF No. 9 at 16.) On October 14, 2026, Petitioner, represented by counsel, was provided a custody redetermination hearing and withdrew his request for bond without prejudice. (ECF No. 13 at 4–5.)

## II.

## DISCUSSION

An intricate statutory scheme governs the detention of noncitizens during removal proceedings and after a final removal order is issued. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

"Four statutes grant the Government authority to detain noncitizens who have been placed in removal proceedings: 8 U.S.C. §§ 1225(b) ('Section 1225(b)'), 1226(a) ('Subsection A'), 1226(c) ('Subsection C'), and 1231(a) ('Section 1231(a)')." Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023). The authority to detain certain noncitizens pending the outcome of removal proceedings is found in 8 U.S.C. §§ 1225(b), 1226(a), and 1226(c). "Subsection A is the default detention statute for noncitizens in removal proceedings and applies to noncitizens '[e]xcept as provided in [Subsection C].'" Avilez, 69 F.4th at 529 (alterations in original) (quoting 8 U.S.C. § 1226(a)). "[D]etention under Subsection A is discretionary" and "provides for release on bond or conditional parole." Avilez, 69 F.4th at 529.

Respondents "do not dispute that Petitioner was entitled to receive a custody redetermination hearing under section 1226(a) and its implementing regulations. Under section 1226(a), it is the detainee who must request the bond hearing. Here, Petitioner requested and received his bond hearing." (ECF No. 9 at 3.)

"The detention of aliens during removal proceedings has long been upheld as a permissible exercise of the political branches' authority over immigration. Section 1226(a) offers substantial procedural protections to detained persons," and the Ninth Circuit has held that "§ 1226(a)'s procedures satisfy due process[.]" Rodriguez Diaz v. Garland, 53 F.4th 1189, 1193, 1213 (9th Cir. 2022). In Rodriguez Diaz, the Ninth Circuit rejected the petitioner's prolonged detention due process claim and held that due process did not require a second bond hearing at which the government bears the burden of proof by clear and convincing evidence for a petitioner detained under § 1226(a) fourteen months after his first § 1226(a) hearing was held. Id. at 1203–14. Although Rodriguez Diaz did "not foreclose all as-applied challenges to § 1226(a)'s procedures," Petitioner does not demonstrate that his case is distinguishable from Rodriguez Diaz. Id. at 1213. Petitioner was arrested pursuant to an administrative warrant, he requested a custody redetermination hearing before an immigration judge, a hearing was held, and Petitioner, with the assistance of counsel, withdrew his custody redetermination without prejudice. Accordingly, the Court finds that Petitioner is not entitled to habeas relief.

## III.

## ORDER

Based on the foregoing, the Court HEREBY ORDERS that:

1. The petition for writ of habeas corpus (ECF No. 1) is DENIED;
2. The motion for temporary restraining order (ECF No. 3) is DENIED as moot;
3. The request for review (ECF No. 14) is DENIED as moot; and
4. The Clerk of Court is DIRECTED to CLOSE the case.

IT IS SO ORDERED.

Dated: **October 29, 2026**

STANLEY A. BOONE
United States Magistrate Judge